IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIA ZUKOWSKI

    Plaintiff

    v.                            CIVIL NO. 98-2211 (JAG)

ST. LUKES HOME CARE PROGRAM,

    Defendants

**MEMORANDUM AND ORDER**

Pending before the Court is plaintiff Zukowski's motion to alter or amend judgment filed on May 24, 2002. (Docket No. 61). Defendant St. Luke opposed said motion on June 4, 2002. (Docket No. 62). In her motion, Zukowski argues that this Court should alter its judgment of May 14, 2002 (Docket No. 57), whereby defendant's motion for summary judgment was granted. Zukowski contends that the Court erred by denying her motion under Fed.R.Civ.P. 56(f) for additional discovery (Docket No. 56), prior to the disposition of the summary judgment motion.

"To savor the balm of Rule 56(f), a party must act in a timely fashion". <u>Massachusetts Sch. of Law at Andover, Inc. v. American Bar Ass'n</u>, 142 F.3d 26, 44 (1st Cir. 1998)(citing <u>Resolution Trust Corp. v. North Bridge Assocs., Inc.</u>, 22 F.3d 1198, 1204 (1st Cir.



2

1994)). The First Circuit Court has held that "a party must invoke Rule 56(f) within a reasonable time following the receipt of a motion for summary judgment." Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 92 (1st Cir. 1996)(citing Resolution Trust Corp. v. North Bridge Assocs., Inc., 22 F.3d at 1204)). Zukowski has clearly failed to do this.

Defendant St. Luke's filed its summary judgment motion on May 26, 2000,(Docket No. 32), which Zukowski opposed on September 18, 2000. (Docket No. 42). Sometime in April of 2002 (almost two years after the summary judgment had been filed), Zukowski notified the Court that she would be represented by new counsel. Thereafter, on May 8, 2002, Zukowski filed a Rule 56(f) motion for additional discovery (Docket No. 56). Zukowski contends that her Rule 56(f) was timely because the Court had not ruled on defendant's summary judgment motion.[1]

Plaintiff's argument is flawed. The date from which the timeliness of the Rule 56(f) motion is determined is the date in which the summary judgment motion is filed, in this case, May 26, 2000. Therefore, Zukowski's Rule 56(f) motion, which came almost two years after the date the summary judgment motion, cannot be construed as anything other than tardy.

In view of the aforementioned, the Court hereby **DENIES**

---

[1] The opinion and order granting defendant's summary judgment motion was filed on May 14, 2002, merely five working days after Zukowski's belated motion. (Docket No. 57).

3

Zukowski's Motion to alter or amend judgment. (Docket No. 61).

IT IS SO ORDERED.

San Juan, Puerto Rico, this 14th day of June 2002.

JAY A. GARCIA-GREGORY
United States District Judge